IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK ANTHONY TOYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:18-CV-8031-VEH |
| ) | (1:06-CR-361-VEH-JEO-1) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

### I.   Introduction

The undersigned has received a Motion for Reconsideration (doc. 3) of its Order (doc. 2) denying Petitioner's fourth Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (doc. 1) (the "Fourth § 2255 Petition"). As the Court noted in its Order, Petitioner invoked *Johnson v. United States*, 135 S. Ct. 2551 (2015), as the basis for the relief sought. (*See* doc. 2 at 1). He alleged that "the District Court erred in determining that Toyer was an ACCA offender within the meaning of USSG §4B1.4." (Doc. 1 at 6).[1] Specifically,

---

[1] Petitioner asserted the same arguments in his third Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (the "Third § 2255 Petition"). After the Eleventh Circuit Court of Appeals granted a Certificate of Appealability, the undersigned performed a merits analysis of the Third § 2255 Petition and determined that,

1

Petitioner's Fourth § 2255 Petition was based on his argument that, after he was sentenced, the United States announced a new substantive rule of constitutional law in *Johnson*, 135 S. Ct. at 2563, that was expressly made retroactive in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). (*See* doc. 1 at 6-13). As the Court noted (*see* doc. 2 at 1 n.2), it had already denied on the merits Petitioner's Third § 2255 Petition, which was also based on *Johnson*. The Court took judicial notice that Petitioner had not demonstrated that he had permission from the Eleventh Circuit Court of Appeals to file this successive Fourth § 2255 Petition, and, in accordance with the Antiterrorism and Effective Death Penalty Act ("AEDPA"), denied the Fourth § 2255 Petition for lack of jurisdiction. (*See id.* at 1-3).

## II. **Arguments Asserted**

Petitioner asserts two arguments that merit discussion. Petitioner first argues that this Court's Order was in error "because it failed to give [Petitioner] an opportunity to respon[d]." (Doc. 3 at 2) (citing *Castro v. United States*, 540 U.S. 375 (2003)). Second, Petitioner argues that his Fourth § 2255 Petition is second-in-time but, nonetheless, "not successive." (*Id.* at 3). The Court will address these arguments

---

"[b]ecause [Petitioner] has, after retroactive application of the holding in *Johnson*, three prior convictions that qualify as predicate convictions for purposes of the ACCA enhanced penalty, his [Third § 2255 Petition] is due to be, and hereby is, **DENIED**. This case will be **DISMISSED WITH PREJUDICE**." This Court held that Petitioner was not entitled to a Certificate of Appealability. Petitioner appealed. The Eleventh Circuit also denied a COA. (*See* doc. 2 at 1 n.2).

2

in the order raised.

### A.     Lack of Opportunity To Respond

Petitioner's first argument is based on *Castro*, 540 U.S. 375, which held, as Petitioner states, that "a federal court cannot recharacterize a pro se litigant's motion as a first § 2255 motion unless [the court] first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." (Doc. 3 at 2-3); *see Castro*, 540 U.S. at 383. However, *Castro* does not apply to the Fourth § 2255 Petition dismissed by this Court's Order, as the Fourth § 2255 Petition was not recharacterized as a <u>first</u> § 2255 motion. *See Castro*, 540 U.S. at 383 ("The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion."); (doc. 2 at 2) (treating Petitioner's Fourth § 2255 Petition as a "second or successive § 2255 motion"). Petitioner's first argument accordingly fails.

### B.     Second-in-Time but Not Successive

Petitioner's second argument is that, although the Fourth § 2255 Petition is not his first (and thus is "second-in-time"), it nonetheless is not successive. (*See* doc. 3 at 3) (citing *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011)). Petitioner

is correct that not all second-in-time § 2255 motions are barred as successive. *See, e.g.*, *Stewart*, 646 F.3d at 865. In this section of this opinion, the Court will first set out the standard upon which its analysis relies. It will then apply that analysis.

AEDPA dramatically limits habeas relief, including the requirement that any second or successive habeas petition be certified by a panel of the appropriate court of appeals before a district court may consider it.[2] Specifically, AEDPA provides in relevant part as follows:

> **(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h), *referencing* 28 U.S.C. § 2244.

To support his second argument, Petitioner relies upon *Stewart*, 646 F.3d 856. (*See* doc. 3 at 3-4) (citing *Stewart*, 646 F.3d at 858-60, 863-65). In that case, a federal prisoner who was sentenced as a career offender sought, immediately after sentencing, and ultimately obtained vacatur by the Georgia Supreme Court of his

---

[2] It was this requirement of AEDPA that dictated this Court's Order that is at issue in Petitioner's Motion for Reconsideration. (*See* doc. 2 at 2).

4

Georgia state convictions which were the offenses triggering his federal career offender enhancement. *See Stewart*, 646 F.3d at 857-58. The month after such vacatur, he filed a second § 2255 petition, "requesting vacatur of his career offender enhancement." *Id.* at 858. In that petition, Stewart relied upon the Supreme Court's decision in *Johnson v. United States*, 544 U.S. 295 (2005). *See Stewart*, 646 F.3d at 858. The district court dismissed the petition, concluding that it was successive because Stewart's first § 2255 petition was "decided adversely to him." *Id.* "The district court also noted that[,] even if the [petition] were not successive, it would still have been dismissed because Stewart did not act with due diligence in obtaining the vacatur of his state convictions." *Id.* Stewart appealed. *See id.*[3]

On appeal, the Eleventh Circuit Court of Appeals held as follows:

> Because the basis for his . . . claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. And because attempting to raise his *Johnson* claim in his initial § 2255 motion would have been an empty formality, Stewart was permitted to raise it in a second, diligently pursued § 2255 motion.

*Id.* at 865.

*Stewart* does not support the Fourth § 2255 Petition, however, because the issue that *Stewart* decided is not an issue presented in the Fourth § 2255 Petition.

---

[3] This discussion is based upon the Eleventh Circuit's opinion.

5

Thus, this Court was correct in not "analyz[ing] whether [it] was successive under *Stewart*." (Doc. 3 at 4).

Petitioner herein has not had his underlying convictions vacated post-sentencing. Rather, the Fourth § 2255 Petition relies upon Petitioner's "assert[ion] [of] factual innocence of his sentence enhancement due to a change [in] law." (Doc. 1 at 6). Specifically, Petitioner relies upon the Supreme Court's decision in *Johnson*, 135 S. Ct. 2551, as made retroactively applicable on collateral review by *Welch*, 136 S. Ct. 1257. (*See* doc. 1 at 8). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA") is void. 135 S. Ct. at 2563. Thus, the Fourth § 2255 Petition is based upon 28 U.S.C. § 2255(h)(2)—that is, that the Fourth § 2255 Petition contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Nothing in *Stewart* or any other decision referenced by Petitioner or independently located by the Court abrogates AEDPA's requirement that <u>only</u> "a panel of the appropriate court of appeals" can certify that a § 2255 petition contains such a new rule. *See* 28 U.S.C. § 2255(h). Whether a prisoner has satisfied § 2255(h) is a question for the Eleventh Circuit because, "[w]ithout authorization [from the Eleventh Circuit], the district court lacks jurisdiction to consider a second or successive

petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam)). "This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *United States v. Mitchell*, Nos. 03-57, 15-363, 2015 WL 5635001, at *2 (N.D. Fla. Aug. 20, 2015), *report and recommendation adopted*, Nos. 03-57, 15-363, 2015 WL 5674849 (N.D. Fla. Sept. 22, 2015); *see also Acosta v. Warden, FCC Coleman-Medium*, 686 F. App'x 836, 837 n.2, 838 (11th Cir. 2017) (per curiam) (affirming the district court's dismissal of Acosta's § 2241 petition and noting in footnote 2 that Acosta had received permission <u>from the Eleventh Circuit</u> to file with the district court a second or successive § 2255 motion). Thus, Petitioner's second argument fails.

## III. <u>Conclusion</u>

For the foregoing reasons, Petitioner's Motion for Reconsideration is due to be denied. Petitioner's Fourth § 2255 Petition remains dismissed without prejudice for lack of jurisdiction. A separate order follows.[4]

---

[4] Generally, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See*

7

**DONE** this the 22nd day of July, 2019.

_____
**VIRGINIA EMERSON HOPKINS**
Senior United States District Judge

---

*Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).